# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE JONES, | Civil Action No. 17-6777 (PGS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

*Pro se* petitioner Lee Jones, a prisoner confined at FCI Cumberland in Cumberland, Maryland, seeks to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the clerk for § 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). The form he used does not include a declaration that the motion contains all the grounds for relief that he is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date.

Petitioner also filed a motion for pro bono counsel. ECF No. 2. However, convicts do not have a constitutional right to counsel in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). To determine whether this Court should appoint counsel, it "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate

1

facts and present claims." *Barkley v. Ortiz*, No. 01-4530, 2017 WL 1536215, at *2 (D.N.J. Apr. 26, 2017) (quoting *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991)). As such, at this juncture of the proceeding, the Court denies the motion as premature; the Court will decide if counsel would be required after a full review of the record in the criminal matter, provided that Petitioner files an amended § 2255 motion on the proper form.

IT IS therefore on this ___7___ day of ___September___, 2017,

**ORDERED** that Petitioner's motion for pro bono counsel, ECF No. 2, is hereby **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case. Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); it is further

**ORDERED** that the Clerk shall forward Petitioner a blank form for a Motion Under 28 U.S.C. § 2255 – AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); it is further

**ORDERED** that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that this Motion is or is not timely, or that the claims are or are not procedurally defaulted; it is further

2

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing, within 30 days of the date of entry of this memorandum and order, and his writing shall include a complete, signed § 2255 motion on the appropriate form; it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed motion, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

*[signature]*
**Peter G. Sheridan**
United States District Judge