# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE JONES, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civ. No. 17-6777 (PGS) <br><br><br> OPINION |

**PETER G. SHERIDAN, U.S.D.J.**

## I.     INTRODUCTION

Petitioner Lee Jones seeks reconsideration of this Court's order permitting Respondent United States to interview his trial counsel. (ECF No. 12). For the following reasons, the motion is denied.

## II.     BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland serving a sentence for possession with intent to distribute heroin, 21 U.S.C. §§ 841(a), (b)(1)(C); 18 U.S.C. § 2, and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). *See United States v. Jones*, 14-cr-0669 (D.N.J. Sept. 29, 2016). Petitioner submitted a motion to correct, vacate, or set aside his federal sentence pursuant to 28 U.S.C. § 2255 and a motion to appoint pro bono counsel on September 5, 2017. (ECF Nos. 1-2).

Petitioner's original filing raised six ineffective assistance of trial counsel claims. The Court administratively terminated the petition as the submission was incomplete. (ECF No. 3). The Court denied the motion to appoint pro bono counsel. (ECF No. 3). Petitioner filed an

amended petition, (ECF No. 5), and a new motion to appoint pro bono counsel, (ECF No. 6). The Court ordered the United States to answer the petition on November 7, 2017. (ECF No. 8).

On November 9, 2017, the Court received a letter from Petitioner indicating he was under the impression that the Court had granted his renewed motion to appoint counsel and asked the Clerk's Office provide him with the attorney's contact information. (ECF No. 9). The United States requested permission to interview Petitioner's trial counsel regarding the issues raised in the § 2255 motion. (ECF No. 10). The Court granted the request and issued an appropriate order. (ECF No. 11). On December 18, 2017, Petitioner filed a motion for reconsideration of the Court's order permitting the United States to interview his trial counsel. (ECF No. 12).

### III. LEGAL STANDARDS

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is

high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## IV. DISCUSSION

Petitioner argues that permitting the United States to interview his former trial counsel "violates codes of ethic standards and constitutional rights and it's an unfair practice that leaves petitioner at a disadvantage." (ECF No. 12 ¶ 1). He states that the Court granted Petitioner's motion for the appointment of counsel and then unjustifiably closed the § 2255 proceedings in order to rescind the appointment of counsel. (ECF No. 12 ¶ 2). He also seems to be under the impression that the order means the United States "represents" his former trial counsel and asserts he is at a disadvantage because he is proceeding pro se and the inmate paralegal who has been helping him will be leaving soon. (ECF No. 12 ¶ 3).

Petitioner appears to be invoking the attorney-client privilege. As the Court noted in its order, Petitioner waived this privilege in connection with each ineffective assistance of counsel claim raised in his § 2255 motion: (1) counsel was ineffective for failing to file a timely notice of appeal; (2) counsel was ineffective for failing to object to, mitigate, or raise on direct appeal that the sentencing judge erred in not granting Petitioner's request to withdraw his representation based on a conflict of interest; (3) counsel was ineffective for failing to object to, mitigate, or raise on direct appeal that the indictment was invalid; (4) counsel was ineffective for failing to

3

present mitigating evidence of mental health issues during sentencing and on direct appeal; (5) counsel was ineffective for failing to conduct a pretrial investigation, prepare sentencing mitigation factors, and preserve direct appeal for errors in base offense and career offender enhancements; and (6) counsel was ineffective for failing to object to, mitigate, or raise on direct appeal that Petitioner's guilty plea was not entered intelligently, voluntarily, and knowingly. (ECF No. 5; ECF No. 11).

"[A] party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation. For example, a client may waive the privilege as to certain communications with a lawyer by filing a malpractice action against the lawyer." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). Other courts have applied this standard to ineffective assistance of counsel claims, holding that petitioners waived the attorney-client privilege as to the specific claims being raised in their petitions. *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, Johnson put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with

those attorneys to the extent those conversations bore on his attorneys' strategic choices."). Here, Petitioner has challenged his attorney's performance, waiving the attorney-client privilege as to the six specific claims.

Petitioner has not pointed to any law or fact that the Court overlooked in issuing the order, and Petitioner cannot claim allowing the United States to speak with his trial counsel would be a manifest injustice when he put his attorney's performance into question himself. Petitioner's disagreement is not a basis for the Court to reconsider its decision.

Moreover, Petitioner's arguments regarding the administrative termination of the petition and pro bono motion appear to be based on a misreading of the forms and docket. Petitioner's original submission did not have the page where Petitioner had to swear or affirm that the petition contained all of the claims he wanted to raise as it ends at page 13. (ECF No. 1 at 13); (ECF No. 3). District courts have a responsibility to ensure pro se petitioners are aware of the effect of filing a motion under § 2255 due to the Anti-Terrorism and Effective Death Penalty Act's restriction on second or successive petitions. *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). The amended petition submitted by Petitioner had the notice that was missing from the first. (ECF No. 5 at 15). Moreover, contrary to Petitioner's assertions, the Court never granted his application for pro bono counsel. The Court denied his first motion at the same time as the administrative termination. (ECF No. 3).

## V. CONCLUSION

For the reasons stated above, the motion for reconsideration is denied. An appropriate order follows.

DATED: 1/16/____, 2018

_____
PETER G. SHERIDAN
United States District Judge

5